UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE GORDON, #216571,

    Plaintiff,

v.                                        CASE NO. 2:11-CV-15261

MICHIGAN PAROLE BOARD, et al.,

    Defendants.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT AND
DENYING AS MOOT PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

The court has before it Plaintiff Eddie Gordon's pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983, as well as his motion for appointment of counsel. Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. (*See* 12/05/2011 Order, Dkt. # 5.) Plaintiff is a state prisoner currently confined at the Gus Harrison Correctional Facility in Adrian, Michigan. His complaint concerns his parole revocation and return to state custody. He names the Michigan Parole Board and its members as defendants in this action and sues them in their official capacity. He seeks monetary damages and release from custody. Having reviewed the complaint, the court finds that it must be summarily dismissed for failure to state a claim upon which relief may be granted and on the basis of immunity. Further, Plaintiff's request for the appointment of counsel is moot in light of the summary dismissal.

**I. STANDARD**

Under the Prison Litigation Reform Act ("PLRA"), the court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service upon a defendant if it

determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  The court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)).  Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

## II. DISCUSSION

In his complaint, Plaintiff challenges his parole revocation, essentially claiming that a police officer testified falsely at the hearing and that such action resulted in the improper revocation of parole. To state a § 1983 claim, a plaintiff must show that: (1) the defendant is a person who acted under the color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *see also Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Even where a plaintiff satisfactorily pleads these two elements, a state prisoner challenging his conviction or imprisonment fails to state a cognizable § 1983 claim if a ruling on his claim would necessarily render his confinement invalid unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or been called into question by a federal court's issuance or a writ of habeas corpus under 28 U.S.C. § 2254. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). This holds true regardless of the actual relief sought by the plaintiff. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (holding that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration"). A state prisoner may, however, maintain a § 1983 action for procedural challenges to a parole hearing where success in the action would not necessarily call for an immediate or speedier release from custody. *Id.*; *see also Thomas v. Eby*, 481 F.3d 434, 439-40 (6th Cir. 2007). Here, in addition to seeking

3

damages, Plaintiff clearly requests immediate release and discharge from parole. (*See* Compl. at 3, Dkt. #1 ("Plaintiff request [sic] to be released immediately".)  Further, the factual allegations in Plaintiff's complaint go to the propriety of the parole revocation decision itself such that ruling in his favor would necessarily demonstrate the invalidity of his incarceration.  Such claims are barred by *Heck*.  *See, e.g., Norwood v. Mich. Dep't of Corr.*, 67 F. App'x 286, 287 (6th Cir. 2003); *Bolden v. Mich. Dep't of Corr.*, No. 2:10-CV-13561, 2010 WL 4609140, *2 (E.D. Mich. Nov. 5, 2010); *Bolden v. Holmes*, No. 2:09-CV-11020, 2009 WL 937683, *1-2 (E.D. Mich. April 6, 2009).  Accordingly, the complaint must be dismissed for failing to state a claim upon which relief may be granted.[1]

Plaintiff's complaint is also subject to dismissal on the basis of state sovereign immunity.  Plaintiff sues the Michigan Parole Board and its members in their official capacities and seeks monetary damages.  The Eleventh Amendment bars civil rights actions against a state and its agencies and departments unless the state has waived

---

[1]To the extent that Plaintiff contests the parole revocation procedures by claiming that he was not given notice of the charges, not informed of the evidence against him, denied the opportunity to be heard, unable to confront the witnesses against him, and was not given a written statement of the decision, his claims are conclusory in nature and fail to satisfy the *Twombly* pleading standard.  It is well-established that such vague and conclusory allegations fail to state a civil rights claim under 42 U.S.C. § 1983.  *See Maldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009); *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003); *see also Iqbal*, 129 S. Ct. at 1948-49; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998).
    Moreover, Plaintiff's claim that he was denied the foregoing procedural rights is belied by the record.  The documents attached to his complaint reveal that he was notified of the charges, that he attended the revocation hearing, that he had an opportunity to question witnesses and present evidence in his defense (including his own testimony), and that he was given written notice of the decision.

its immunity and consented to suit or Congress has abrogated that immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief" against a state and its agencies. *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993). The State of Michigan has not consented to being sued in civil rights actions in the federal courts, *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Mich.*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it enacted 42 U.S.C. § 1983. *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). Because the Michigan Parole Board is an entity within the Michigan Department of Corrections, it is entitled to Eleventh Amendment immunity. *See Lee v. Mich. Parole Board*, 104 F. App'x. 490, 492 (6th Cir. 2004); *Fleming v. Martin*, 24 F. App'x 258, 259 (6th Cir. 2001). Additionally, the parole board members, who have been sued in their official capacities, are similarly entitled to Eleventh Amendment immunity.[2] *See Will*, 491 U.S. at 70-71. Plaintiff's claims for monetary damages against the Michigan Parole Board and its members must therefore be dismissed on the basis of sovereign immunity.

### III. CONCLUSION

---

[2]The court notes that even if Plaintiff were suing the parole board members in their individual capacities, they would be entitled to immunity from suit on his claim for damages. Parole board members are absolutely immune from liability for their conduct in parole cases when they are exercising their decision-making powers. *See Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005).

Based upon the foregoing analysis, the court concludes that (1) Plaintiff has failed to state a claim upon which relief may be granted; and (2) the Michigan Parole Board and its members are entitled to Eleventh Amendment immunity.  Accordingly,

IT IS ORDERED that Plaintiff's complaint [Dkt. # 1] is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A.

IT IS FURTHER ORDERED that Plaintiff's motion for appointment of counsel [Dkt. #3] is DENIED AS MOOT.

Finally, pursuant to 28 U.S.C. § 1915(a)(3), the court concludes that an appeal from this order would be frivolous and cannot be taken in good faith.

  s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  January 12, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 12, 2012, by electronic and/or ordinary mail.

  s/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\11-15261.GORDON.1915.Dismiss.ctb.wpd